Filed 6/22/21  Dutton v. Marinescu CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JAMES DUTTON, | B305851 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC127259) |
| v. | |
| RODICA MARINESCU et al. | |
| Defendants; | |
| WELLS FARGO BANK, N.A. et al., | |
| Objectors and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Dismissed in part and affirmed in part.

Law Office of D. Joshua Staub and D. Joshua Staub for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Kerry W. Franich for Objectors and Respondents.

_____

Plaintiff and appellant James Dutton (Dutton) appeals an order that denied his motion to impose monetary discovery sanctions in the amount of $17,074 against nonparties Wells Fargo Bank, N.A. (Wells) and its attorney, Ivette Zamora (Zamora), and denied his motion for additional production of documents by Wells. Dutton also purports to appeal from the trial court's order insofar as the court denied his motion to hold Wells in contempt.

For the reasons discussed below, we dismiss Dutton's attempt to appeal from the contempt order (see *Levine v. Berschneider* (2020) 56 Cal.App.5th 916, 918 (*Levine*)) and affirm the denial of Dutton's request for monetary sanctions and his request for additional production.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

Dutton and his wife filed this action in March of 2017. Their complaint alleged several causes of action against Rodica Marinescu (Marinescu) and Maxwell George Cornish arising out of a $11,327 loan that the Duttons made to Marinescu in 2016, and a dispute over an additional $427,000 that Dutton lent Marinescu in 2017.

1. *The January and August 2018 subpoenas; no motion by Dutton to compel compliance with either subpoena.*

In February 2018, Dutton served Wells with a deposition subpoena (issued January 31, 2018) for personal appearance and

---

[1] An extensive recitation of the procedural history is necessary to an understanding of the issues on appeal.

production of documents in connection with the $427,000 transaction with Marinescu. Wells responded by indicating that service of the subpoena was defective since it was not personally served on the bank and the subpoena omitted a valid proof of service on the consumer. Dutton responded that Wells and the consumer had been properly served. In February 2018, the parties agreed that Wells's deadline to respond to the subpoena would be extended to March 15, 2018. Wells did not appear at the March 15, 2018 deposition but Dutton never filed a motion to compel compliance with the deposition subpoena.

In August 2018, Dutton served Wells with another deposition subpoena for production of business records.

Wells again responded that the subpoena was defective, explaining that a "valid proof of service upon the consumer(s) whose records are being sought . . . was not attached."

Dutton's counsel, D. Joshua Staub (Staub) responded in a letter to Wells dated August 31, 2018, in which he accused Wells of perjury "by stating under oath that the proof of service was not provided." Staub added: "Because I know that you are going to make the stupid argument that the form of the proof of service on page 2 of the 'Notice to Consumer or Employee and Objection' was not used, I will tell you very clearly that you have no education or training to make that statement. . . . [¶] I demand that Wells Fargo comply with the law and produce everything demanded in a timely manner. If Wells Fargo is one day late, a motion will be filed as well as an affidavit charging Wells Fargo with failing to meet and confer in good faith since you have no right to communicate about the subpoena since you are not a lawyer."

On October 15, 2018, Staub sent another letter to Wells's attorney, Zamora, stating he would not pursue contempt or monetary sanctions against Wells on three conditions: that she agreed to (1) accept service of a subpoena duces tecum; (2) accept service of a subpoena for the attendance of the person most knowledgeable (PMK); and (3) provide a deposition date for the PMK in early December.

In response, Wells denied the accusations of discovery abuse, and pointed out that the deposition subpoena sought production of records concerning Marinescu and two other individuals, Robert Ouriel (Ouriel) and Ava Domanowski (Domanowski), but that Dutton had provided proof of service only as to Marinescu. Wells proposed that Dutton serve a new and properly issued subpoena.

Dutton disagreed with Wells's position in a letter dated October 30, 2018 that concluded: "I will give you until 11/3/18 to state in writing that Wells Fargo will comply with the Subpoena on or before 11/15/18, or I will act."[2]

In a letter dated November 14, 2018, Wells reiterated that the January subpoena was defective because there was no evidence that Marinescu was served with the notice to consumer, the August subpoena was similarly defective because there was no service on Ouriel and Domanowski, and the deadline to file a motion to compel had passed as to both subpoenas. Wells

---

[2] While the dispute regarding the January and August 2018 subpoenas was pending, Dutton successfully took the depositions of four Wells employees: Paul Shimotake (7/26/18); Freda Tabib (9/13/18); Marine Kayokan (10/11/18); and Elham Pourmoaref (10/18/18).

4

suggested that Dutton reissue the subpoenas with proper notice to the consumers.

2. *The November 2018 subpoena.*

In November 2018, in accordance with Wells's suggestion, Dutton propounded a new deposition subpoena to Wells. The requested documents included the following: Wells's reports regarding the $427,000 check; communications between Wells and Marinescu; communications between Wells and Marinescu's attorneys and real estate agent; communications with or about the Duttons; and video recordings of Marinescu visiting certain Wells branches on certain dates.

On December 5, 2018, Wells acknowledged receipt of the subpoena, but requested additional identifying information for the relevant individuals, i.e., a Social Security number or Tax ID number, address, date of birth, and full name.

Staub responded that Wells was in contempt of court, stated that Wells was "outright lying about not being able to identify anyone," and demanded that Wells fully comply with the November 2018 subpoena.

On December 20, 2018, Wells served objections to the subpoena, but stated that it was ready to provide responsive documents once Dutton confirmed he would pay for the cost of production as provided by Evidence Code section 1563, subdivision (b) ["All reasonable costs incurred in a civil proceeding by a witness who is not a party with respect to the production of all or any part of business records requested pursuant to a subpoena duces tecum shall be charged against the party serving the subpoena duces tecum"].

On December 24, 2018, Staub responded with a letter complaining about Wells's demand for payment, stating that

Dutton had no duty to pay in advance, that Wells's claim that the requests were not reasonably calculated to lead to the discovery of admissible evidence was "pure horseshit," and that if Wells did not comply with the subpoena within 10 days he would bring a motion to compel discovery.

On December 28, 2018, Wells produced eight pages of documents responsive to the subpoena, and later produced another six pages.

3. *Dutton's motion to compel compliance with the November 2018 subpoena.*

On January 30, 2019, Dutton filed a motion to compel compliance with the subpoena issued in November 2018.

On February 13, 2019, Wells filed opposition to the motion to compel. It argued that Dutton had failed to meet and confer before bringing the motion to compel, and that Wells had produced all non-confidential and non-privileged documents responsive to the subpoena.

On February 27, 2019, the trial court heard and granted Dutton's motion to compel Wells to comply with the deposition subpoena, and issued a minute order that directed Wells to provide supplemental responses within 30 days. The trial court did not impose monetary sanctions against Wells, noting that Dutton's motion had not sought sanctions. The following day, the court signed and filed a formal order granting the motion to compel.

4. *Wells's amended response to the November 2018 subpoena.*

On March 28, 2019, Wells served an amended response to Dutton's subpoena, along with a privilege log indicating that

6

specified documents were withheld as attorney-client communications, as well as additional responsive documents.

5. *Dutton's instant motion for contempt, monetary sanctions, and additional production of documents.*

On June 6, 2019, Dutton filed the motion which is the subject of this appeal—a motion that sought (1) to hold Wells in contempt for allegedly disobeying the February 27 and 28, 2019 orders granting the motion to compel; (2) monetary sanctions of $17,074 against both Wells and Zamora for the reasonable expenses that Dutton incurred as a result of their alleged discovery misuse; and (3) an order requiring Wells to produce in unredacted form all documents responsive to the November 2018 subpoena, on the grounds that the February 27 and February 28, 2019 orders did not permit Wells to make objections or redactions.

6. *Dutton's motion for an order to show cause re contempt; the trial court denied the motion, finding that Wells did not disobey the court's orders.*

On July 8, 2019, while Dutton's motion for contempt and monetary sanctions was already pending, Dutton filed a separate motion for an order to show cause (OSC) re contempt against Wells pursuant to Code of Civil Procedure section 1209, with a three-count affidavit of the facts constituting the contempt.[3]

---

[3] "When the contempt is not committed in the immediate view and presence of the court, or of the judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators, or other judicial officers."  (Code Civ. Proc.,  § 1211, subd. (a).)

7

On February 19, 2020, after hearing the matter, the trial court denied Dutton's motion and discharged the OSC re contempt.  The trial court ruled as follows:

"As to Count One, Plaintiff has failed to establish beyond a reasonable doubt that the contempt is based on a valid subpoena. The January 31, 2018 subpoena was defective as a matter of law because its notice to consumer was defective.  The notice did not identify who was served.  Plaintiff did not seek to compel compliance with this subpoena in 2018, but re-served a valid subpoena in November 2018.

"Count Two alleges that Wells Fargo failed to comply with this Court's February 27, 2019, order.  Plaintiff alleges that Wells Fargo did not comply with the order because its responses contained objections to every single demand in the November 15, 2018 subpoena when neither the Signed Order, nor the Written Order, permitted Wells Fargo to object.  The signed and written orders, however, did not expressly state that all objections were waived.  Moreover, after a meet and confer, Wells Fargo removed the general objections from its substantive responses on September 17, 2019.

"Finally, Count Three charges Wells Fargo with contempt because Wells Fargo produced redacted and privileged documents in response to the Court's order.  The affidavit charges that the orders did not permit production of redacted documents.  The Court once again notes that its order did not explicitly prevent Wells Fargo from producing redacted or privileged documents.  In reply, Plaintiff argues that Wells Fargo waived all objections. (Reply, pp. 5-6).  Plaintiff, however, cites provisions related to depositions generally, and not deposition subpoenas.  As such, those provisions are inapplicable."

The trial court concluded: "[Dutton] failed to show that Wells Fargo disobeyed this Court's orders. [Dutton] also failed to provide evidence that [he] issued a valid subpoena. The Court therefore finds that [Dutton] ha[s] not met [his] high burden of proving contempt beyond a reasonable doubt."

7. *The March 13, 2020 order which is the subject of this appeal: the trial court rejected Dutton's second request that Wells be held in contempt and also denied his requests for monetary sanctions and for additional production.*

On March 13, 2020, one month after discharging the OSC re contempt, the trial court issued the order that is the subject of this appeal.

After considering the moving and opposing papers and hearing the matter, the trial court began its ruling with the observation that "zealous advocacy does not equate with 'attack dog' or 'scorched earth'; nor does it mean lack of civility." (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1537.) The court also cited "the utter failure" of Dutton's counsel to meet and confer prior to bringing the motion.

The court denied Dutton's second request for contempt, noting that Dutton had "already unsuccessfully sought indirect contempt proceedings against Wells Fargo."

The court also denied the request for $17,074 in monetary sanctions against Wells and Zamora, stating the purpose of discovery sanctions is not to punish but to prevent abuse of the discovery process and to correct the problems presented. (*Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 301.) "Here, it appears that [Dutton is] seeking sanctions as punishment. Nonparties are no longer part of this case and the bulk of [Dutton's] arguments are that nonparties failed to comply

9

with the discovery order, even though the parties provided supplemental responses that appear to be adequate."

The court concluded: "Since this Court has already found that nonparties did not violate the February 27, 2019 and February 28, 2019 Orders when it issued it[s] ruling on [Dutton's] indirect contempt motion, [Dutton's] motion is DENIED." The court also denied Dutton's motion insofar as it requested additional production of documents.

On April 27, 2020, Dutton filed a notice of appeal from the March 13, 2020 order.

## ISSUES

The issue before this court is whether the trial court erred in its March 13, 2020 order in denying Dutton's requests for additional contempt, monetary sanctions, and additional production of documents.

## DISCUSSION

1. *Appealability: the March 13, 2020 order is not appealable insofar as it refused to hold Wells in contempt, but is appealable insofar as it denied Dutton's requests for monetary sanctions and for additional production of documents.*

The March 13, 2020 order denied Dutton's motion to hold Wells in contempt, and also denied Dutton's request for monetary discovery sanctions and request for additional production of documents. We address these rulings separately.

"It is well settled that orders and judgments made in cases of contempt are not appealable, and this rule has been held applicable both where the trial court imposed punishment for contempt and where the alleged contemner was discharged." (*John Breuner Co. v. Bryant* (1951) 36 Cal.2d 877, 878; accord, *Wanke, Industrial, Commercial, Residential, Inc. v. Keck* (2012)

10

209 Cal.App.4th 1151, 1162, fn. 11 (*Wanke*).) The only method of obtaining review is by way of a petition for extraordinary writ. (Eisenberg et al., Cal. Practice Guide (The Rutter Group 2020) Civil Appeals & Writs, ¶ 2:30.) Therefore, the March 13, 2020 order is not appealable to the extent it denied Dutton's motion to hold Wells in contempt.

On the other hand, the March 13, 2020 order is appealable insofar as it refused to award monetary discovery sanctions against Wells and Zamora or to require additional production of documents by Wells. As explained in *Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 387, "Generally, discovery orders are not appealable. [Citation.] Instead, the challenge to a discovery order must await appeal from a final judgment. [Citations.] But courts have recognized two general exceptions to the one final judgment rule. Even though issues remain for further determination, a direct appeal may be taken from (1) a collateral final judgment or order, or (2) a judgment that is final as to a party. (Eisenberg, et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2017) ¶¶ 2:76, 2:77, 2:91, pp. 2-54, 2-66.) The latter exception has been applied to find a right to appeal discovery orders involving nonparties. (See e.g., *Brun v. Bailey* (1994) 27 Cal.App.4th 641, 649-650, 32 Cal.Rptr.2d 624 [nonparty deponent became a party by moving for a protective order; denial of that motion was appealable as a final determination of the litigation as to the nonparty].)" (52 Cal.App.5th at p. 387.) Thus, the March 13, 2020 order that resolved Dutton's discovery motion relating to nonparties Wells and Zamora is appealable.

11

2. *Dutton's contention that the trial court erred in refusing to hold Wells in contempt is not properly before this court.*

As stated above, an order refusing to impose a contempt sanction is not appealable. (*Wanke, supra,* 209 Cal.App.4th at p. 1162, fn. 11.) Therefore, Dutton's contention that the trial court erred in refusing to impose a sanction of contempt against Wells on March 13, 2020 is not reviewable in this appeal. Accordingly, we dismiss the appeal to the extent it seeks to appeal the contempt finding. (*Levine, supra,* 56 Cal.App.5th at pp. 918, 920.)

3. *No abuse of discretion in trial court's March 13, 2020 discovery order refusing to impose monetary sanctions or to order additional production of documents.*

a. *Standard of appellate review.*

The rules governing our review are well settled. "Orders regarding discovery are reviewed under the abuse of discretion standard. [Citations.] The trial court has broad discretion in deciding whether to impose sanctions and in setting the amount of monetary sanctions. [Citations.] [¶] The test for abuse of discretion is whether the trial court's decision exceeded the bounds of reason. [Citation.] . . . . [¶] The trial court's factual findings are reviewed under the substantial evidence standard while the trial court's legal conclusions are reviewed de novo. [Citation.]" (*Cornerstone Realty Advisors, LLC v. Summit Healthcare Reit, Inc.* (2020) 56 Cal.App.5th 771, 789.)

12

b.  *Trial court did not abuse its discretion in refusing to impose monetary sanctions against Wells and Zamora.*

(1)  *Wells's and Zamora's conduct leading up to the motion to compel.*

Dutton's motion sought monetary sanctions for alleged misuse of discovery by Wells and Zamora based on their conduct in not producing documents in response to the November 2018 subpoena, which required Dutton to bring a motion in January 2019 to compel compliance with the subpoena.

However, the record in this regard is inadequate because neither the moving nor reply papers on the motion to compel were included in Dutton's appellant's appendix.  The California Rules of Court "require an appellant who elects to proceed by appendix to include, among other things, any document filed in the trial court which 'is necessary for proper consideration of the issues, including . . . any item that the appellant should reasonably assume the respondent will rely on.' "  (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 643 (*Jade*); see Cal. Rules of Court, rule 8.124(b)(1)(B).) Given Dutton's position that he was entitled to sanctions for having had to bring a motion to compel compliance with the November 2018 subpoena, he reasonably should have included his moving and reply papers on the motion to compel in the record on appeal.  Without a complete record of the motion to compel, this court cannot properly consider whether the trial court abused its discretion in refusing to impose sanctions for Wells's conduct that led up to the motion to compel.

Thus, Dutton's failure to provide an adequate record in this regard requires that the issue be resolved adversely to him. (*Jade, supra,* 229 Cal.App.4th at pp. 643-644.)

13

(2) *Wells's and Zamora's alleged failure to obey the February 27 and February 28, 2019 orders that granted Dutton's motion to compel compliance with the November 2018 subpoena.*

Dutton's motion also sought monetary sanctions for alleged misuse of discovery by Wells and Zamora based on their failure to obey the February 27 and February 28, 2019 orders that granted Dutton's motion to compel.

As indicated, the March 13, 2020 order stated: "Since this Court has already found that nonparties did not violate the February 27, 2019 and February 28, 2019 Orders when it issued it[s] ruling on [Dutton's] indirect contempt motion, [Dutton's] motion is DENIED." The trial court's ruling was proper because the issue of Wells's alleged noncompliance with those two orders had already been adjudicated by the February 19, 2020 order that denied Dutton's earlier motion to hold Wells in contempt. The February 19, 2020 order denying Dutton's contempt motion included the express findings that Wells had not disobeyed the February 27 and February 28, 2019 orders, and that those orders did not preclude Wells from making evidentiary objections, or from producing redacted documents.

Dutton could have, but did not, seek review of the February 19, 2020 order by way of a petition for extraordinary writ. (Eisenberg et al., *supra*, Civil Appeals & Writs, ¶ 2:30.) Therefore, the February 19, 2020 order, which is now final, disposes of Dutton's contention that Wells and Zamora disobeyed the February 27 and February 28, 2019 orders that granted Dutton's motion to compel. Dutton's arguments that Wells and Zamora violated the February 27 and February 28, 2019 orders are essentially a collateral attack on the February 19, 2020 order,

14

which resolved the issue adversely to Dutton, and thus are rejected.

For these reasons, the trial court did not abuse its discretion in refusing to impose monetary discovery sanctions against Wells and Zamora.

c. *No abuse of discretion in denial of request for additional production.*

The final aspect of the March 13, 2020 order is the denial of Dutton's request for additional production of documents. As discussed above, the trial court's February 19, 2020 order re contempt, which is final and binding, established that the February 27 and February 28, 2019 orders did not preclude Wells from asserting objections or from producing redacted documents. Therefore, the trial court did not abuse its discretion in refusing Dutton's request for additional production of unredacted documents without objection.

4. *Other issues not reached.*

In view of the above, it is unnecessary to address Dutton's remaining arguments.

## DISPOSITION

The appeal from the March 13, 2020 order is dismissed insofar as it purports to appeal the denial of Dutton's motion to hold Wells in contempt. The March 13, 2020 order is affirmed insofar as it denied both Dutton's request for monetary discovery sanctions against Wells and Zamora, and his request for additional production of documents by Wells. Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED**


THOMAS, J.*


We concur:



LAVIN, Acting P.J.



EGERTON, J.

_____

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16